IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY SYLVESTER, JR., #1479186 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv473 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-styled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied. The Respondent has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Respondent, the Court is of the opinion that the objections lack merit and that findings and conclusions of the Magistrate Judge are correct.

The Respondent stated in the objections that he does not disagree with the ultimate result; instead, he objects to specific findings and conclusions contained in the Report and Recommendation. He initially objected to the statement that the Petitioner is eligible for release on mandatory supervision, while arguing that he is eligible for release only on discretionary mandatory supervision. The Respondent is engaging in an unnecessary argument over semantics. First of all, the attachment to his response (docket entry #11-3) to the petition for a writ of habeas corpus specified that the Petitioner is eligible for mandatory supervision, "MS:Y," as opposed to discretionary mandatory supervision. Furthermore, the applicable statute governing releases on mandatory supervision, Texas

1

Government Code § 508.149 (West 2007), is entitled "Inmates Ineligible for Mandatory Supervision," as opposed to discretionary mandatory supervision. There is no question that the current mandatory scheme is discretionary and that the Texas Court of Criminal Appeals has referred to the current mandatory supervision law as discretionary mandatory supervision. *See, e.g., Ex parte Hill*, 208 S.W.3d 462, 464 n.11 (Tex. Crim. App. 2006). The use of the word discretionary is helpful in distinguishing the current law from the previous law, but there is no requirement in the governing statute that the terminology discretionary mandatory supervision be employed. The objection lacks merit.

The Respondent's objection concerning whether the Petitioner sufficiently exhausted his claim about being removed from the disciplinary hearing for invoking his right to remain silent lacks merit for reasons explained in the Report and Recommendation. The claim was exhausted, albeit inartfully. Inmates proceeding *pro se* are not expected nor required to present their claims with the same precision as attorneys. The objection lacks merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of April, 2009.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**